IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARIA MANIATAKIS,                              :
                                               :
                                               :       CIVIL ACTION
                              Plaintiff,        :
                                               :
        v.                                     :       NO.
                                               :
OHIO CASUALTY GROUP and                        :
WEST AMERICAN INSURANCE                        :
COMPANY,                                       :
                                               :
                              Defendants.       :
                                               :

### NOTICE OF REMOVAL

## TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF THE STATE OF DELAWARE:

Defendants, Ohio Casualty Group and West American Insurance Company, by and through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby file this Notice of Removal of this case from the Superior Court of New Castle County, Delaware, where it is now pending, to the United States District Court for the District of Delaware on the basis of diversity jurisdiction, and in support thereof avers as follows:

1.      Plaintiff, Maria Maniatakis, commenced this action by Complaint filed on November 27, 2007 in the Superior Court of New Castle County, Delaware, docketed as C.A. No. 07C-11-194. (A true and copy of Plaintiff's Complaint is attached hereto and marked as Exhibit "A").

2.      The Complaint was served upon the Delaware Insurance Commissioner on January 9, 2008 and it was received by Defendants on January 11, 2008.

3.      Plaintiff's Complaint asserts claims for Breach of Contract (Count I), Bad Faith Claims Handling (Count II) and Waiver or Estoppel (Count III). (See Exhibit "A", ¶¶ 14-35).

1

4.      The Complaint states that, at all times relevant to the allegations in the Complaint, Plaintiff was a resident of Delaware. (Exhibit "A", ¶ 1). Therefore, upon information and belief, Plaintiff is a citizen of the State of Delaware.

5.      Defendant, Ohio Casualty Group, now operating as Ohio Casualty, is not a legal entity, but rather a name that is used by a group of companies including West American Insurance Company, which maintains its principal place of business at 9450 Seward Road, Fairfield, Ohio 45014.

6.      Defendant, West American Insurance Company, is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business located at 9450 Seward Road, Fairfield, Ohio 45014

7.      Based upon the allegations of Plaintiff's Complaint, the amount in controversy in this action is in excess of Seventy- Five Thousand Dollars ($75,000.00), exclusive of interest and costs, as Plaintiff has demanded compensatory damages in the amount of $342,567.75 for breach of contract, plus punitive damages, counsel fees, interest and costs. Furthermore, the Certificate of Value filed with Plaintiff's Complaint certifies that the sum of damages of the Plaintiff is above $100,000.00, exclusive of costs and interest.

8.      As such, this Honorable Court has jurisdiction pursuant to the provisions of 28 U.S.C. §1332 based upon the fact that there exists diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

9.      The present lawsuit is accordingly removable from the state court to the United States District Court pursuant to 28 U.S.C. §§ 1441 and 1446.

10.     This Notice of Removal has been filed within thirty (30) days after receipt by Defendants of the Complaint in accordance with 28 U.S.C. § 1446(b).

11.    Written notice of the filing of this Notice of Removal has been given to the adverse party in accordance with 28 U.S.C. §1446(d) and as noted in the attached Certificate of Service.

12.    Promptly after filing with this Court and with the assignment of a Civil Action Number, a copy of this Notice of this Removal will be filed with the Superior Court of New Castle County, Delaware in accordance with 28 U.S.C. § 1446(d).

13.    Copies of all process, pleadings and other Orders which have been received by Defendants in this action are filed herewith.

**WHEREFORE,** Defendants, Ohio Casualty Group and West American Insurance Company, respectfully request that they may effect the Removal of this action from the Superior Court of New Castle County, Delaware to the United States District Court for the District of Delaware.

Respectfully submitted:

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: _____
VICKI L. GOODMAN, ESQUIRE
(DE I.D. No. 4861)
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899
(302) 552-4348
*Attorneys for Defendants*

Dated: January 30, 2008

15/577952.v1

3

# EXHIBIT "A"

# EXHIBIT "A"

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

Transaction ID 17419897

COUNTY:  (N)   K   S

CIVIL ACTION NUMBER: 07C-11-194 FSS

CIVIL CASE CODE:   CDBT

CIVIL CASE TYPE:   Debt/Breach of Contract

(SEE REVERSE SIDE FOR CODE AND TYPE)

| CAPTION:<br><br>Maria Maniatakis<br><br>Plaintiff,<br><br>v.<br><br>Ohio Casualty Group and West American Insurance Company,<br><br>Defendants. | NAME AND STATUS OF PARTY FILING DOCUMENT:<br>  Maria Maniatakis Plaintiff<br>DOCUMENT TYPE: (E.G., COMPLAINT; ANSWER WITH COUNTERCLAIM)<br>  Complaint<br>NON-ARBITRATION _X_ (CERTIFICATE OF VALUE MAY BE REQUIRED)<br>ARBITRATION ___ MEDIATION ___ NEUTRAL ASSESSMENT ___<br>DEFENDANT (CIRCLE ONE)   ACCEPT   REJECT<br>JURY DEMANDED _X_ YES ____ NO<br>TRACK ASSIGNMENT REQUESTED: (CIRCLE ONE)<br>   EXPEDITED   *STANDARD*   COMPLEX |
| ATTORNEY NAME(S):<br>ROBERT D. GOLDBERG, ESQUIRE<br>STEVEN F. MONES, ESQUIRE<br><br>FIRM NAME:<br>BIGGS AND BATTAGLIA<br><br>ADDRESS:<br>921 ORANGE STREET<br>WILMINGTON, DE 19801<br><br>TELEPHONE NUMBER:<br>(302) 655-9677<br><br>FAX NUMBER:<br>(302) 655-7924<br><br>E-MAIL ADDRESS:<br>goldberg@batlaw.com<br>smones@batlaw.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS<br><br><br>EXPLAIN THE RELATIONSHIP(S):<br><br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

EFiled: Nov 27 2007 3:37
Transaction ID 17419897
Case No. 07C-11-194 FSS

SUPERIOR COURT OF THE STATE OF DELAWARE
NEW CASTLE COUNTY

MARIA MANIATAKIS,                    )
                                     )
              Plaintiff,             )      C.A. No. 07C-01-
                                     )
       v.                            )      NON-ARBITRATION
                                     )
OHIO CASUALTY GROUP and              )      JURY OF 12 DEMANDED
WEST AMERICAN INSURANCE              )
COMPANY,                             )
                                     )
              Defendants.            )

<u>COMPLAINT</u>

1.    At all times relevant to the allegations in this Complaint, plaintiff Maria Maniatakis was a resident of Delaware.

2.    Defendant Ohio Casualty Group engages in the insurance business in Delaware. Defendant West American Insurance Company, a member company of defendant Ohio Casualty Group, engages in the insurance business in Delaware. Defendants shall be referred to collectively as "OCG."

3.    On or about December 7, 2005, plaintiff was the owner of adjoining commercial buildings located at 102 and 104 North Union Street (collectively the "Premises") in Wilmington, Delaware. An automobile repair business known as "Andreas Auto Repair" was operated at the Premises.

4.    On or about December 7, 2005, plaintiff was covered under a commercial automobile services policy of insurance (the "Policy") issued by OCG in connection with the operation of Andreas Auto Repair. The term of the Policy was from August 5, 2005 to August 5,

1

2006. OCG had accepted a premium from plaintiff, in the amount of $6,015.00, in consideration for providing coverage under the Policy.

5.     Prior to April 2003, Andreas Auto Repair was owned and operated by Andreas Maniatakis, husband of plaintiff Maria Maniatakis. Andreas Maniatakis died in April 2003, and ownership of both the Premises and the business known as Andreas Auto Repair passed lawfully to plaintiff.

6.     On or about May 21, 2004, pursuant to an Agreement of Sale (the "Agreement"), plaintiff sold the right to use the name "Andreas Auto Repair," and the right to run the automobile repair business located at the Premises, to Ryan and Son, Inc. ("Ryan and Son"), a Delaware corporation. The principal of Ryan and Son, Christopher Ryan, was formerly an employee of Andreas Maniatakis at Andreas Auto Repair. The right of Ryan and Son to occupy the Premises for purposes of operating Andreas Auto Repair was granted through a separate lease arrangement with plaintiff.

7.     Expressly included within rights conveyed by plaintiff to Ryan and Son in the Agreement were "all tools and equipment at 102 N. Union Street used in connection with the operation of the business known as Andreas Auto Repair." Among the tools and equipment conveyed to Ryan and Son by plaintiff was an extensive collection of tools and equipment that had been owned and used by Andreas Maniatakis in connection with operation of Andreas Auto Repair, as well as a specialized computer system for operating an automobile repair business.

8.     Following consummation of the Agreement, plaintiff ceased to have any day-to-day involvement with the operations of Andreas Auto Repair, but she retained legal ownership of all rights conveyed under the Agreement until such time as a promissory note (the "Note") securing the transaction was paid in full.

2

9.    . As of December 7, 2005, the Note had not been paid in full by Ryan and Son, and plaintiff retained legal ownership of all rights conveyed under the Agreement, including ownership of all tools and equipment left for the continued operation of Andreas Auto Repair.

10.    On the evening of December 7, 2005, plaintiff's daughter, Niki Maniatakis, drove past the Premises and noticed that a dumpster was in front of the garage doors and that the Premises appeared empty. The following morning, December 8, 2005, Niki Maniatakis returned to the Premises and discovered that all its contents, including all tools, equipment, and the computer system, were missing. Ms. Maniatakis immediately notified the Wilmington Police Department and reported a theft of the contents of the Premises.

. 11.    During the subsequent police investigation of the incident, Christopher Ryan, principal of plaintiff's tenant Ryan and Son, denied taking the contents of the Premises. Accordingly, on or about December 16, 2005, plaintiff notified OCG of the theft and made a claim under the Policy.

12.    Plaintiff reviewed all available information, including a videotape of the contents of the Premises made prior to the Agreement, and determined that the value of the tools, equipment, computer system, and other items taken totaled $342,567.75.

13.    Notwithstanding documentary evidence verifying the identity of the tools and equipment taken, the prompt reporting to police of the theft, the prompt reporting to OCG of the claim, and the language in the policy providing coverage for this loss, OCG has wrongfully denied plaintiff's claim.

3

## COUNT 1
### Breach of Contract

14.    Plaintiff reasserts the allegations in paragraphs 1-13 above.

15.    The Policy constitutes a contract between the parties with coverage for specified losses being afforded to plaintiff in consideration of the premium charged by OCG.

16.    Plaintiff has complied with all terms and conditions of the Policy, including providing OCG with prompt and timely notice of the loss and detailed information about the nature of the property taken, yet OCG has wrongfully failed to provide coverage for this loss.

17.    OCG has failed to comply with the terms and conditions of the Policy and has, therefore, breached its contract with plaintiff.

## COUNT 2
### Bad Faith Claims Handling

18.    Plaintiff reasserts the allegations in paragraphs 1-17 above.

19.    The loss that is the subject of this action occurred on the evening of December 7, 2005. The Wilmington Police Department was notified of the incident on the morning of December 8, 2005, and plaintiff cooperated with the police investigation of the incident.

20.    Plaintiff notified OCG of the loss on or about December 16, 2005, which is as soon as was practicable given the nature of the incident and the investigation conducted by the police. Since reporting the incident to OCG, plaintiff has cooperated with OCG's investigation of the incident.

21.    Notwithstanding plaintiff's compliance with the terms and conditions of the Policy, and her cooperation with the investigations of the incident conducted by both OCG and the Wilmington Police Department, OCG has wrongfully denied plaintiff's claim.

4

22.    In its denial letter dated October 30, 2006 (the "Denial Letter"), OCG accused plaintiff of "dishonesty," of making "material misrepresentations" and of having "withheld vital information," and of engaging in an "attempt to mislead the investigation." OCG further stated that: "There is no evidence that any theft occurred."

23.    The above statements by OCG in the Denial Letter, as well as the explanations for such conclusions expressed in the Denial Letter, are false, disparaging, and were made in complete disregard of the evidence provided by plaintiff as well as other evidence obtained during the investigations of the incident conducted by OCG and the Wilmington Police Department.

24.    During its investigation, OCG obtained no direct evidence suggesting that plaintiff made any deliberately misleading or otherwise false statements in connection with any aspect of the incident itself or the items taken.

25.    In the Denial Letter, OCG misstates the facts of this incident, and it reaches conclusions that are unsupported by the law or the facts.

26.    OCG has no reasonable justification for denying plaintiff's legitimate claim, and OCG has breached the duty of good faith and fair dealing which it owes plaintiff, its insured.

27.    OCG's conduct violates the spirit of the contractual relationship it has with plaintiff, its insured, as well as the letter of the language in the Policy.

28.    OCG's wrongful conduct is motivated by its desire to avoid paying a claim rather by the duty it owes plaintiff, its insured, to investigate and adjust a claim fairly. OCG's improper and wrongful motive, in conjunction with its allegations that plaintiff engaged in dishonest and fraudulent conduct, is based on a conscious and deliberate indifference to the facts and to the adverse consequences to plaintiff, and an award to plaintiff of punitive damages is warranted.

5

COUNT 3
Waiver or Estoppel

29.    Plaintiff reasserts the allegations in paragraphs 1-28 above.

30.    OCG issued the Policy to plaintiff, for a term covering the period of August 5, 2005 to August 5, 2006, providing coverage for commercial automobile services.

31.    In consideration for issuing the Policy to plaintiff, OCG accepted consideration from plaintiff in the form of a premium in the amount of $6,015.00.

32.    At all times material, OCG, through its agents, was aware of the Agreement. At no time between issuance of the Policy on June 22, 2005, and the date of the loss in this case, December 7, 2005, did OCG ever question the nature of plaintiff's business or advise plaintiff that any restrictions or limitations would or might apply due to the Agreement or the nature of the arrangement between plaintiff and her tenant, Ryan and Son, which engaged in automobile services under the name "Andreas Auto Repair."

33.    OCG accepted plaintiff's tender of the Policy premium.

34.    Any defenses OCG might have had based on the Agreement or the arrangement between plaintiff and Ryan and Son were waived by OCG's failure to raise or assert any objections, limitations, or restrictions concerning the coverage it issued to plaintiff under the Policy.

35.    Alternatively, OCG is estopped from raising any defenses based on the arrangement between plaintiff and Ryan and Son.

6

WHEREFORE, plaintiff demands that judgment be entered in her favor and against defendants as follows:

(1) Compensatory damages in the amount of $342,567.75 for breach of contract;

(2) Punitive damages in an amount to be determined;

(3) Award of reasonable attorneys fees;

(4) Prejudgment and postjudgment interest at the applicable legal rates;

(5) Costs of this action; and

(6) Such other relief as the Court deems appropriate and just.

BIGGS AND BATTAGLIA

/s/ Robert D. Goldberg
Robert D. Goldberg (Del.Bar No. 631)
Steven F. Mones (Del.Bar No. 2611)
921 N. Orange Street
P.O. Box 1489
Wilmington, DE 19899-1489
302-655-9677
goldberg@batlaw.com
smones@batlaw.com
Attorneys for Plaintiff

November 27, 2007

P:\Users\Mones\KDGREF\Engs\Maniatakis\Complaint1.doc

7

EFiled: Nov 27 2007 3:37 EST
Transaction ID 17419897
Case No. 07C-11-194 FSS

SUPERIOR COURT OF THE STATE OF DELAWARE

NEW CASTLE COUNTY

| | | |
|---|---|---|
| MARIA MANIATAKIS, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 07C-01- |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| OHIO CASUALTY GROUP and | ) | JURY OF 12 DEMANDED |
| WEST AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF VALUE

I, Robert D. Goldberg, attorney for the Plaintiffs, do hereby certify in good faith that at this time in my opinion the sum of damages of the plaintiff is above $100,000.00, exclusive of costs and interest.

BIGGS AND BATTAGLIA

By: _____
Robert D. Goldberg (ID # 631)
Steven F. Mones (Del. Bar No. 2611)
Biggs and Battaglia
921 North Orange Street
P.O. Box 1489
Wilmington, DE 19899
(302) 655-9677
Attorney for Plaintiffs

DATED: 11/27/2007





EFiled: Nov 27 2007 3:37
Transaction ID 17419897
Case No. 07C-11-194 FSS

SUPERIOR COURT OF THE STATE OF DELAWARE
NEW CASTLE COUNTY

MARIA MANIATAKIS,                )
                                 )
              Plaintiff,          )    C.A. No. 07C-01-
                                 )
       v.                        )    NON-ARBITRATION
                                 )
OHIO CASUALTY GROUP and           )    JURY OF 12 DEMANDED
WEST AMERICAN INSURANCE           )
COMPANY,                         )
                                 )
              Defendants.         )

THE STATE OF DELAWARE,
TO THE SHERIFF OF KENT COUNTY:
YOU ARE COMMANDED:

   To summon the above named Defendant so that, within 20 days after service hereof upon the Defendant, **OHIO CASUALTY GROUP and WEST AMERICAN INSURANCE COMPANY**, exclusive of the day of service, Defendant shall serve upon Robert D. Goldberg, Plaintiff's attorney, whose address is 921 Orange Street, P.O. Box 1489, Wilmington, DE, 19899-1489 an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

   To serve upon Defendants a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

   Dated: 12/19/07

                                    Sharon Agnew
                                    Prothonotary

**TO THE ABOVE NAMED DEFENDANT:**

   In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

                                    Sharon Agnew
                                    Prothonotary



Matthew Denn
Insurance Commissioner

Department of Insurance
841 Silver Lake Blvd.
Dover, DE 19904-2465
(302) 674-7300
(302) 739-5280 fax

JANUARY 9, 2008

VIA CERTIFIED MAIL (70070710000490624009)
RETURN RECEIPT REQUESTED

CORPORATION SERVICE COMPANY
WEST AMERICAN INSURANCE COMPANY
2711 CENTERVILLE ROAD, SUITE 400
WILMINGTON, DE 19808

RE: MARIA MANIATAKIS V. OHIO CASUALTY INS. CO
C.A. NO. 07C-11-194 FSS

Dear SIR OR MADAM:

Pursuant to 18 Del. C. § 525, the Delaware Insurance Commissioner was
served with the enclosed legal process on JANUARY 9, 2008.

Please do not send your response to the enclosed documentation
to the Delaware Insurance Department. Instead, you should
respond directly to the person or legal representative identified
in the enclosed legal process.

Sincerely,

Georgia Oxford
Administrative Specialist II

Enclosure
cc: ROBERT D. GOLDBERG

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARIA MANIATAKIS, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. |
| | : | |
| OHIO CASUALTY GROUP and | : | |
| WEST AMERICAN INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## AFFIDAVIT

I, VICKI L. GOODMAN, ESQUIRE, being duly sworn according to law, depose and say

that the facts set forth in the foregoing Notice of Removal are true and correct to the best of my

knowledge, information and belief.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: _____

VICKI L. GOODMAN, ESQUIRE
Attorneys for Defendants
Ohio Casualty Group and
West American Insurance Company

Dated: January 30, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARIA MANIATAKIS,                                   :
                                                    :       **CIVIL ACTION**
                          Plaintiff,                :
                                                    :
         v.                                         :       **NO.**
                                                    :
OHIO CASUALTY GROUP and                             :
WEST AMERICAN INSURANCE                             :
COMPANY,                                            :
                                                    :
                          Defendants.               :
                                                    :

## AFFIDAVIT OF SERVICE

I, VICKI L. GOODMAN, ESQUIRE, being duly sworn according to law, depose and say

that I am filing a true and correct certified copy of the Defendant's Notice of Removal, together

with copies of the documents attached hereto, with the Prothonotary of New Castle County,

Delaware via United States Mail, First Class, postage pre-paid, on the below date.

                          **MARSHALL, DENNEHEY, WARNER,**
                          **COLEMAN & GOGGIN**

                          BY: _____
                              VICKI L. GOODMAN, ESQUIRE
                              *Attorneys for Defendants*
                              *Ohio Casualty Group and*
                              *West American Insurance Company*

Dated: January 30, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARIA MANIATAKIS,                      :
                                       :
                    Plaintiff,         :        CIVIL ACTION
                                       :
        v.                             :
                                       :        NO.
OHIO CASUALTY GROUP and                :
WEST AMERICAN INSURANCE                :
COMPANY,                               :
                                       :
                    Defendants.        :
                                       :

## CERTIFICATE OF SERVICE

I, Vicki L. Goodman, Esquire, hereby certify that two (2) true and correct copies of the

foregoing Notice of Removal and Notice to the Clerk of New Castle County were served on the

below date via United States Mail, First Class, postage pre-paid, upon the following individual:

Robert D. Goldberg, Esquire
Steven F. Mones, Esquire
BIGGS AND BATTAGLIA
921 Orange Street
Wilmington, DE 19801
*Attorneys for Plaintiff*

                          MARSHALL, DENNEHEY, WARNER,
                          COLEMAN & GOGGIN

                          BY:  _____
                               VICKI L. GOODMAN, ESQUIRE
                               (DE I.D. No. 4861)
                               1220 North Market Street, 5th Floor
                               P.O. Box 8888
                               Wilmington, DE 19899
                               (302) 552-4348
                               *Attorneys for Defendants*

Dated: January 30, 2008
15/578005.v1

JS-44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

MARIA MANIATAKIS

### DEFENDANTS

OHIO CASUALTY GROUP and WEST AMERICAN INSURANCE CO.

**(b)** County of Residence of First Listed Plaintiff   **NEW CASTLE COUNTY, DE**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **FAIRFIELD, OHIO**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

Robert D. Goldberg, Esquire/ Steven F. Mones, Esquire
BIGGS AND BATTAGLIA
921 Orange Street, Wilmington, DE 19801
(302)

Attorneys (If Known)

Vicki L. Goodman, Esquire
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
1220 North Market Street, 5th Floor
Wilmington, DE 19899-8888; (302) 552-4322

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1. U.S. Government   Plaintiff
☐ 2. U.S. Government   Defendant
☐ 3. Federal Question   (U.S. Government Not a Party)
☒ 4. Diversity   (Indicates Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☒ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment &Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits.
☐ 160 Stockholder's Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 195 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury – Med Malpractice
☐ 365 Personal Injury – Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing / Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities – Employment
☐ 445 Amer. w/Disabilities – Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another District (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332; 28 U.S.C. 1441 and 1446

Brief description of cause:
Breach of Contract and Bad Faith litigation

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY

(See instructions)   JUDGE   Superior Court of New Castle County   DOCKET NUMBER   C.A. No. 07-11-194 (FSS)

DATE   January 30, 2008

SIGNATURE OF ATTORNEY OF RECORD   *Vicki Goodman*

FOR OFFICE USE ONLY

RECEIPT #                    AMOUNT                    APPLYING            JUDGE                    MAG. JUDGE
                                                      IFP

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

0 8 - 6 4

Civil Action No. _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____2_____ COPIES OF AO FORM 85.

1/30/08
_____
(Date forms issued)

X _Gerald J. Ventigni_
(Signature of Party or their Representative)

X _Gerald J. Vintigni_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action