IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| **MARIA MANIATAKIS,** | : | |
| | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | |
| v. | : | NO. 08-064 (JJF) |
| | : | |
| **OHIO CASUALTY GROUP and** | : | |
| **WEST AMERICAN INSURANCE** | : | |
| **COMPANY,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**ANSWER OF DEFENDANTS', OHIO CASUALTY GROUP AND WEST AMERICAN INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT <u>WITH AFFIRMATIVE DEFENSES</u>**

Defendants, Ohio Casualty Group ("Ohio Casualty") and West American Insurance Company ("West American"), by and through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby respond to Plaintiff's Complaint as follows:

1.  Admitted.

2.  Denied as stated. It is denied that Defendant, Ohio Casualty Group, is licensed to act as an insurance carrier in the State of Delaware. It is averred that Ohio Casualty Group, now operating as Ohio Casualty, is not a legal entity, but rather a name that is used by a group of companies including West American Insurance Company. It is admitted that Defendant, West American Insurance Company, is licensed to act as an insurance carrier in the State of Delaware.

3.  Denied in part; admitted in part. It is admitted that Plaintiff owned the buildings located at 102-104 North Union Street, Wilmington, Delaware, on December 7, 2005. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph; therefore, the allegations are denied.

1

4.Denied in part; admitted in part. It is denied that Ohio Casualty Group issued a policy of insurance to the Plaintiff. It is averred that West American Insurance Company ("West American") issued Commercial Policy No. BZW (06) 50645678 (the "Policy") to named insured Andreas Maniatakis d/b/a Andreas Auto Repair, providing certain coverages for the premises located at 102-104 North Union Street, Wilmington, Delaware 19805-3428, for the Policy period August 5, 2005 to August 5, 2006. Any characterizations of the language included within the Policy are denied as stated in that it is a written document, the terms and conditions of which speak for themselves. It is admitted that the insured was charged a premium in the amount of $6,015.00 for the Automobile Services Coverage under the Policy. Defendants deny all remaining allegations contained in this Paragraph.

5.Denied in part; admitted in part. It is admitted that Plaintiff's daughter, Niki Maniatakis, advised that her father Andreas Maniatakis died in April 2003 and that he owned and operated Andreas Auto Repair prior to his death. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in this Paragraph; therefore, they are denied. The remaining allegations of this Paragraph are denied as conclusions of law.

6.Denied in part; admitted in part. It is admitted that Plaintiff alleges that an Agreement of Sale dated May 21, 2004 was entered into by Maria Maniatakis d/b/a Andreas Auto Repairs and Ryan and Son, Inc. All references to that Agreement of Sale and all characterizations of the language included within that Agreement of Sale are denied as stated in that it is a written document, the terms and conditions of which speak for themselves. Defendants are without knowledge or information sufficient to form a belief as to the truth of the

factual allegations contained in this Paragraph; therefore, they are denied. The remaining allegations of this Paragraph are denied as conclusions of law.

7.     Denied. To the extent the allegations of this Paragraph refer to the Agreement of Sale dated May 21, 2004, they are denied as stated in that the Agreement is a written document, the terms and conditions of which speak for themselves. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this Paragraph; therefore, they are denied. The remaining allegations of this Paragraph are denied as conclusions of law.

8.     Denied. To the extent that the allegations of this Paragraph refer to the Agreement of Sale dated May 21, 2004, they are denied as stated in that the Agreement is a written document, the terms and conditions of which speak for themselves. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph; therefore, they are denied.

9.     Denied. To the extent that the allegations of this Paragraph refer to the Agreement of Sale dated May 21, 2004, they are denied as stated in that the Agreement is a written document, the terms and conditions of which speak for themselves. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this Paragraph; therefore, they are denied. The remaining allegations of this Paragraph are denied as conclusions of law.

10.    Denied in part; admitted in part. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph; therefore, they are denied. To the extent the averments contained this Paragraph

contain factual averments, those allegations are denied and strict proof is demanded at trial. The remaining averments in this Paragraph are denied.

11.  Denied in part; admitted in part. It is admitted that Plaintiff, through her daughter, Niki Maniatakis, provided notice of an alleged theft loss to the premises located at 102-104 North Union Street, Wilmington, Delaware 19805-3428. It is admitted this notice was provided on December 16, 2005. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged theft or the remaining allegations contained in this Paragraph; therefore, they are denied and strict proof is demanded at trial.

12.  Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph; therefore, they are denied.

13.  Denied. It is denied that Defendants wrongfully denied Plaintiff's claim. It is averred that Plaintiff's claim was considered against the backdrop of the language of the Policy, which was issued by West American, and the facts determined during the investigation of the claim. It was determined that the claim was not covered under the terms of the Policy and Plaintiff was advised of the reasons for this denial. The remaining allegations of this Paragraph constitute conclusions of law which are denied.

COUNT 1
Breach of Contract

14.  It is admitted that Plaintiff reasserts the allegations set forth in Paragraphs 1 through 13 of her Complaint. In response to them, Defendants incorporates by reference the foregoing Paragraphs 1 though 13, inclusive of this Answer, as fully as though those Paragraphs were set forth at length herein.

15. Denied as stated. The Policy, which was issued by West American, sets forth the terms, conditions, limitations and exclusions applicable to the coverage there under. Any characterizations of the language included within the Policy are denied as stated in that it is a written document, the terms and conditions of which speak for themselves. The remaining allegations of this Paragraph are denied as conclusions of law.

16. Denied. The Policy, which was issued by West American, sets forth the terms, conditions, limitations and exclusions applicable to the coverage there under. Any characterizations of the language included within the Policy are denied as stated in that it is a written document, the terms and conditions of which speak for themselves. The remaining allegations of this Paragraph constitute conclusions of law which are denied. The remaining averments in this Paragraph are denied.

17. Denied. It is denied that Ohio Casualty Group had a contract with Plaintiff and it is averred that the Policy was issued by West American. It is furthermore denied that there was any breach of contract. The remaining allegations contained in this Paragraph constitute conclusions of law which are denied.

### COUNT 2
### Bad Faith Claims Handling

18. It is admitted that Plaintiff reasserts the allegations in Paragraphs 1 through 17 of her Complaint. In response to them, Defendants incorporates by reference the foregoing Paragraphs 1 though 17, inclusive of this Answer, as fully as though those Paragraphs were set forth at length herein.

19. Denied in part; admitted in part. It is admitted that the Wilmington Police Department was notified of the alleged incident on the morning of December 8, 2005. Defendants are without knowledge or information sufficient to form a belief as to the truth of the

5

allegations regarding the alleged loss or the remaining allegations contained in this Paragraph; therefore, they are denied. To the extent the averments contained this Paragraph contain factual averments, those allegations are denied and strict proof is demanded at trial.

20. Denied in part; admitted in part. It is admitted that Plaintiff, through her daughter, Niki Maniatakis, provided notice of an alleged loss to Defendants on December 16, 2005. The allegations of this Paragraph relating to the Plaintiff's cooperation with West American's investigation of the alleged incident since December 16, 2005 are conclusions of law which are denied. It is admitted that Defendants investigated Plaintiff's claim. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in this Paragraph; therefore, they are denied. The remaining allegations contained in this Paragraph constitute conclusions of law which are denied.

21. Denied. It is denied that Defendants wrongfully denied Plaintiff's claim. It is denied Plaintiff complied with the terms and conditions of the Policy. It is denied Plaintiff cooperated with the investigations of the alleged incident. It is averred that Plaintiff's claim was considered in the context of the language of the Policy, which was issued by West American, and the facts determined during the investigation of the claim. It was determined that the claim was not covered under the terms of the Policy and Plaintiff was advised of the reasons for this denial. The remaining allegations of this Paragraph constitute conclusions of law which are denied.

22. Denied in part; admitted in part. It is admitted that a denial letter, dated October 30, 2006, was sent to Plaintiff and her counsel. Any characterizations of the language included within that letter are denied as stated in that it is a written document, the contents of which speak for themselves. The remaining allegations of this Paragraph constitute conclusions of law which are denied.

23. Denied. It is denied that Defendants made any false or disparaging statements as alleged by Plaintiff or in any other manner whatsoever. All characterizations of the language included within the denial letter dated October 30, 2006 are denied as stated in that it is a written document, the contents of which speak for themselves. The remaining allegations of this Paragraph constitute conclusions of law which are denied.

24. Denied. The allegations of this Paragraph constitute conclusions of law which are denied. To the extent the averments in this Paragraph contain factual averments, those allegations are denied and strict proof is demanded at trial.

25. Denied. It is denied that Defendants made any misstatements or unsupported conclusions as alleged by Plaintiff in this Paragraph or in any other manner whatsoever. All characterizations of the language included within the denial letter dated October 30, 2006 are denied as stated in that it is a written document, the contents of which speak for themselves. The remaining allegations of this Paragraph constitute conclusions of law which are denied.

26. Denied. It is denied that Ohio Casualty Group issued any policy of insurance and it is averred that West American issued the Policy. It is furthermore denied that Defendants breached any duty owed to the Plaintiff. The remaining allegations contained in this Paragraph constitute conclusions of law which are denied.

27. Denied. It is denied that Ohio Casualty Group issued any policy of insurance and it is averred that West American issued the Policy. The remaining allegations contained in this Paragraph constitute conclusions of law which are denied.

28. Denied. It is denied that Ohio Casualty Group issued any policy of insurance and it is averred that West American issued the Policy. It is furthermore denied that Defendants engaged in any improper or wrongful conduct as alleged by Plaintiff or in any manner

whatsoever. To the contrary, Plaintiff's claim was considered in the context of the language of the Policy and the facts determined during the investigation of the claim. The claim was handled in a proper and reasonable manner. To the extent the averments contained this Paragraph contain factual averments, those allegations are denied and strict proof is demanded at trial. The remaining allegations contained in this Paragraph constitute conclusions of law which are denied.

COUNT 3
Waiver or Estoppel

29. It is admitted that Plaintiff reasserts the allegations set forth in Paragraphs 1 through 28 of her Complaint. In response to them, Defendants incorporates by reference the foregoing Paragraphs 1 though 28, inclusive of this Answer, as fully as though those Paragraphs were set forth at length herein.

30. Denied. It is denied that Ohio Casualty Group issued a policy of insurance to the Plaintiff. It is averred that West American issued the Policy to named insured Andreas Maniatakis d/b/a Andreas Auto Repair, providing certain coverages for the premises located at 102-104 North Union Street, Wilmington, Delaware 19805-3428, for the Policy period August 5, 2005 to August 5, 2006. Any characterizations of the language included within the Policy are denied as stated in that it is a written document, the terms and conditions of which speak for themselves.

31. Denied as stated. It is admitted that the insured was charged a premium in the amount of $6,015.00 for the Automobile Services Coverage under the Policy, which was issued by West American. The remaining allegations of this Paragraph are denied as conclusions of law.

32. Denied as stated. All characterizations of the language included within the Agreement of Sale dated May 21, 2004 and the Policy are denied as stated in that they are written documents, the terms and conditions of which speak for themselves. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this Paragraph; therefore, they are denied. The remaining allegations of this Paragraph are denied as conclusions of law.

33. Admitted. It is admitted that the premium for the Policy, which was issued by West American, was accepted.

34. Denied. The allegations of this Paragraph constitute conclusions of law which are denied.

35. Denied. The allegations of this Paragraph constitute conclusions of law which are denied.

WHEREFORE, Defendants, Ohio Casualty Group and West American Insurance Company, demand judgment in their favor and against Plaintiff, and respectfully request this Honorable Court to dismiss Plaintiff's Complaint with prejudice.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action or a claim upon which relief can be granted against Defendant Ohio Casualty Group.

### SECOND AFFIRMATIVE DEFENSE

The Policy was written by West American Insurance Company and Plaintiff's claims are subject to all terms, conditions, limitations and exclusions set forth in the Policy at issue.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action or a claim upon which relief may be granted against Defendant, West American Insurance Company.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages fails to state a cause of action or a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the conditions for suit provision in the Policy issued by West American, which states as follows:

> **4. Legal Action Against Us.**
> No one may bring a legal action against us under this insurance unless:
> a. There has been full compliance with all of the terms of this insurance; and
> b. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

(Exhibit "A", Endorsement BP 00 02 12-99).

### SIXTH AFFIRMATIVE DEFENSE

Defendants breached no duty owed to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or otherwise limited by the terms and conditions of the Policy at issue and Defendants reserve the right to rely upon each and every term and condition of the policy.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's "bad faith" claim should be dismissed with prejudice because any denial of coverage on the part of defendants was premised upon one or more "reasonable justification[s]" pursuant to *Tackett v. State Farm*, 653 A.2d 254 (Del. 1995).

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited and/barred by all applicable statutes of limitations.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which attorney's fees may be awarded.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which punitive damages may be awarded.

### TWELTH AFFIRMATIVE DEFENSE

Defendants relied in good faith upon the clear and unambiguous language of the policy at issue and are not, therefore, liable for any breach of good faith and fair dealing.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to coverage for the claim arising out of the loss alleged by Plaintiff for the reasons set forth in the denial letter, dated October 30, 2006, which was sent to Plaintiff and her counsel by Defendants. As stated in that letter, based upon the investigation conducted by West American, no theft loss occurred.  Furthermore, it appears that the insured made material misrepresentations and withheld vital information relating to this claim.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses as further investigation and discovery may demonstrate.

WHEREFORE, Defendants, Ohio Casualty Group and West American Insurance Company, demand judgment in their favor and against Plaintiff, and respectfully request this Honorable Court to dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted:

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: ___/s/ Vicki L. Goodman___
      VICKI L. GOODMAN, ESQUIRE
      I.D. No. 4861
      1220 North Market Street, 5th Floor
      P.O. Box 8888
      Wilmington, DE 19899
      (302) 552-4348
      *Attorney for Defendants*

Dated: February 19, 2008
15/584293.v1

## CERTIFICATE OF SERVICE

I, Vicki L. Goodman, Esquire hereby certify that I served upon all persons listed below a true and correct copy of the DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES this date by electronic filing and U.S. Mail:

Robert Goldberg, Esquire
Biggs and Battaglia
921 N. Orange Street
P.O. Box 1489
Wilmington, DE 19899

        **MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN**

BY:    */s/ Vicki L. Goodman*
       VICKI L. GOODMAN, ESQUIRE
       I.D. No. 4861
       1220 North Market Street, 5th Floor
       P.O. Box 8888
       Wilmington, DE  19899
       (302) 552-4348
       *Attorney for Defendants*

Dated: February 19, 2008

15/585163.v1